MinsharrJ.
(dissenting). I cannot concur in this opinion. It gives to the plain language of section 4162, Revised Statutes, a construction, that is, in my opinion, without any *526 warrant in the rules of interpretation. The section provides how real or personal property shall descend, which came to an intestate relict from a former deceased husband or wife, under the provisions of section 4159: It is, that when such relict dies without children or their legal representatives, the property shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of the deceased husband or wife from whom the estate came.
This section does not refer to section 4159 for the mode of descent, but for the mode in which the property had been acquired, and, for property so acquired, fixes, the descent by language of its own, that is plain and unambiguous; for the words, “ brothers and sisters,” have in law a definite meaning; they include brothers and sisters of the half, as well as of the whole, blood. On a mere conjecture that the legislature meant that the property should go according to-the rules fixed by the section under which it had been acquired by the deceased relict, the court has rejected the plain meaning of the words adopted in the section fixing its descent, and substituted the language of the former section; that is to say, the section fixing the descent of non-ancestral property, although, as a matter of fact, the legislature treats it as quasi ancestral property, in sending one-half of it back to the brothers and sisters of the deceased consort from whom the estate* came. We fail to appreciate the suggestion of counsel that this interpretation is more in accordance with the sentiments of natural affection. That the rules of descent are, as a general rule, adopted in analogy to the natural affections, is true. But what ground is-there for saying that this must have been the principle upon which the provisions of section 4162 were adopted in providing for a descent of property from an intestate relict to the brothers and sisters of the deceased consort from whom the estate came. In such case there is supposed to be no blood relationship whatever; so that there is no ground for assuming that such deceased relict, the person who died possessed of the property, would perfer brothers and sisters of the whole, to brothers and sisters of the half *527 blood. -Being strangers to his or her blood, it -would be a matter of mere accident whether either were perferred, and that accident might as readily have determined the relict to prefer the half to the whole blood. So that the analogy of the natural affections wholly fails, so far as this statute provides for the descent of property from a deceased husband or wife to the brothers and sisters of the deceased consort, from whom the'estate came; and, this being the case, the court should have given effect to the plain meaning of the language in which such descent is provided for.
Dickman, J., concurs in this dissenting opinion.